# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. JACOBSON,<br><br>    Petitioner,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>    Respondent. | 1:06-cv-00702-LJO-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO  DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br>(Doc. 17)<br><br>ORDER TO FILE OBJECTIONS WITHIN FIFTEEN DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed his petition on June 6, 2006, claiming that his constitutional rights were violated by the imposition of an unlawful condition of parole, i.e., warrantless searches, and also seeking relief from the results of a disciplinary hearing about which Petitioner provided no information.  (Doc. 1).  On May 2, 2008, Respondent filed the instant motion to dismiss, contending that because Petitioner had discharged the underlying sentence for which he was on parole, the issues raised in the petition were moot.  (Doc. 17).  Petitioner did not file a response to the motion.

## **DISCUSSION**

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70,

104 S. Ct. 373 (1983); <u>N.A.A.C.P., Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>Murphy v. Hunt</u>, 455 U.S. 478, 481, 102 S. Ct. 1181 (1984). The Court has no power to decide cases that do not affect the rights of litigants in the case before them. <u>Defunis v. Odegaard</u>, 416 U.S. 312, 316, 94 S. Ct. 1704 (1974); <u>Mitchell v. Dupnik</u>, 75 F.3d 517, 527-528 (9th Cir. 1996). "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." <u>Iron Arrow</u>, 464 U.S. at 70; <u>Simon v. Eastern Ky. Welfare Rights Org.</u>, 426 U.S. 26, 38, 96 S. Ct. 1917 (1976); <u>N.A.A.C.P., Western Region</u>, 743 F.2d at 1353.

Along with the motion to dismiss, Respondent submitted documentation establishing that, as of November 3, 2006, Petitioner had discharged the underlying sentence upon which the parole and parole conditions about which the instant petition complains. (Doc. 17, Exhs. 12, 13). Although Petitioner was to be convicted of yet another offense and re-incarcerated and then re-paroled, those events are not the subject of the instant petition or motion to dismiss. Nevertheless, the Court will address them to provide a background for its analysis.

A. <u>Background</u>

1. <u>Petitioner's underlying conviction and sentence</u>

The documents submitted by Respondent establish that on October 10, 2001 , Petitioner was convicted of second degree burglary[1] with four prior prison term enhancements[2] in <u>People v. David William Jacobsen</u>, Kern County Superior Court case number BF095875. (Doc. 17, Exhs. 12, 13). Petitioner was sentenced to serve an aggregate term of seven years. (Doc. 17, Exh. 13). On September 20, 2005, Petitioner was released on parole from that sentence. (Doc. 17, Exhs. 1-3). Petitioner's claims in the instant petition arise out of his parole from the burglary sentence and the conditions of that parole.

///

---

[1] California Penal Code § 460(b).

[2] California Penal Code § 667.5(b).

2

2. <u>Petitioner's parole revocations and eventual discharge from parole</u>

The documents submitted by Respondent also establish that (a) on September 29, 2005, Petitioner was arrested for use of cocaine, terrorist threats, resisting arrest, possession of drug paraphernalia, and possession of cocaine, and placed on a parole hold, (b) on October 31, 2005, Petitioner's parole was revoked and he was sentenced to serve a ten-month revocation term, (c) after being re-released on parole on May 1, 2006, one week later Petitioner was arrested for receiving stolen property and placed on a parole hold, and (d) on June 1, 2006, Petitioner's parole was revoked and he was sentenced to serve a nine-month revocation term. (Doc. 17, Exhs. 1, 6, 7, 10, 11). The documents also establish that on November 3, 2006, Petitioner was discharged from parole in case number BF095875. (Doc. 17, Exhs. 12, 13).

3. <u>Petitioner's new conviction</u>

The documents submitted by Respondent also establish that on March 22, 2006, Petitioner was convicted of possession of a controlled substance[3] and a prior prison term enhancement[4] in a new case entitled <u>People v. David Williams Jacobsen</u>, Kern County Superior Court case number BF111940A, and was sentenced in that case on January 4, 2007 to serve a term of three years. (Doc. 17, Exhs. 2, 8, 9). The conviction in case number BF111940A was related to one of the probation violations found to be true on October 31, 2005, i.e., possession of cocaine. On August 8, 2007, Petitioner was released on parole for the most recent conviction. (Doc. 17, Exh. 2).

B. <u>Petitioner's claims are moot</u>

To the extent that the instant petition challenges an unspecified disciplinary hearing that occurred while Petitioner was incarcerated on the original sentence that has been discharged, the claim is moot. <u>Nonnette v. Small</u>, 316 F. 3d 872, 875-876 (9th Cir. 2002)(habeas claim based on prison disciplinary hearing resulting in credit loss and administrative segregation is moot once the petitioner served the underlying sentence and is paroled). Under <u>Nonnette</u>, any claim Petitioner may have had regarding some prior disciplinary hearing became moot when he was

---

[3] California Health & Safety Code § 11350(a).

[4] California Penal Code § 667.5(b)

3

paroled from the original offense on September 20, 2005. (Doc. 17, Exhs. 1-3). The fact that Petitioner, once paroled, would violate parole, have that parole revoked, and be re-incarcerated, is irrelevant to the question of whether the disciplinary hearing claim is now moot. See Nonnette, 316 F.3d at 875-876.

To the extent that Petitioner challenges the purportedly unconstitutional conditions of parole, i.e., warrantless searches, this claim is also moot, Petitioner having served his underlying sentence and having been discharged from parole arising from that sentence. Here, because the original sentence has been discharged, the Court has no power to affect that sentence, its execution, or Petitioner's rights vis-a-vis any parole arising from that sentence. In sum, the Court cannot provide Petitioner any relief on claims arising out of the execution of his original sentence because it has been discharged. See Defunis, 416 U.S. at 316; Mitchell, 75 F.3d at 527-528). Accordingly, the action is moot and should be dismissed. Murphy, 455 U.S. at 481; Iron Arrow, 464 U.S. at 70.

Although Petitioner was later convicted on a new charge, sentenced, and subsequently paroled with the same parole condition regarding warrantless searches, those facts cannot be deemed to be included within the claims raised in the instant petition. Petitioner was not sentenced on the new offense until January 4, 2007, six months after the instant petition was filed. Therefore, any complaint Petitioner had about the conditions of parole that was eventually granted on August 8, 2007, could not have been involved in the claims already filed in the instant petition. If Petitioner wishes to contest the parole conditions arising from his subsequent conviction, sentence, and parole, he must file a new petition raising those claims.[5]

## RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (Doc. 17), be GRANTED; and
2. The petition for writ of habeas corpus (Doc. 1) be DISMISSED.

///

---

[5] Respondent also contends that the petition should be dismissed because it names an improper respondent, thus depriving the Court of jurisdiction over the case. (Doc. 17, p. 2). Because the claims in the petition must be dismissed as moot, it is unnecessary for the Court to address this additional ground for dismissal.

4

1    These findings and recommendations are submitted to the United States District Judge
2  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of
3  the Local Rules of Practice for the United States District Court, Eastern District of California.
4  Within fifteen (15) days after being served with a copy, any party may file written objections
5  with the Court and serve a copy on all parties.  Such a document should be captioned "Objections
6  to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
7  and filed within ten (10) court days (plus three days if served by mail) after service of the
8  objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to
9  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
10 specified time may waive the right to appeal the District Judge's order.  Martinez v. Ylst, 951
11 F.2d 1153 (9th Cir. 1991).

13 IT IS SO ORDERED.
14 Dated:   **January 8, 2009**                             **/s/ Theresa A. Goldner**
                                                          UNITED STATES MAGISTRATE JUDGE